## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-22395-TBM |
| ESCALERA RESOURCES CO., a Maryland corporation, | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### DEBTOR'S MOTION FOR ENTRY OF ORDER REJECTING EXECUTORY CONTRACT WITH PETRIE PARTNERS, LLC PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE

Escalera Resources, Co. (the "Debtor"), debtor and debtor-in-possession, through its counsel Onsager | Guyerson | Fletcher | Johnson LLC, moves the Court for Entry of Order Rejecting Executory Contract With Petrie Partners, LLC Pursuant to Section 365(a) of the Bankruptcy Code (the "Motion") and in support thereof, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases under 28 U.S.C. §§ 157 and 1334 and the automatic reference of all bankruptcy cases to this Court pursuant to Rule 83.3 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The Debtor's corporate headquarters and its executive level and senior management are all located in Denver, Colorado and have been for the 180 days immediately prior to the Petition Date. Accordingly, venue of this case proceeding is proper in this District under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

4. On November 5, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is continuing in possession of its property and is operating and managing its business and affairs as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On or around May 8, 2015, the Debtor executed a letter agreement (the "Contract") with Petrie Partners, LLC ("Petrie") under which Petrie agreed to act as the Debtor's financial advisor in connection with a series of transactions. The Contract and amendments thereto are attached to the Motion as Exhibit A.

6. The transactions referenced in the Contract include: the Debtor's acquisition of the Atlantic Rim assets from Warren Resources, Inc.; the Debtor's sale of certain of its assets,

including its Pinedale assets; a sale or merger of the Debtor; a restructuring, recapitalization or similar transaction involving the Debtor's Series A Preferred Stock and other securities; or any business combination involving the Debtor and a third party.

## RELIEF REQUESTED

7.      The Debtor respectfully requests that the Court enter an order that the Contract by and between the Debtor and Petrie is rejected as of the date of the filing of this Motion.

## BASIS FOR RELIEF

8.      Section 365(a) of the Bankruptcy Code authorizes the Debtor to reject executory contracts with court approval. 11 U.S.C. § 365(a); 11 U.S.C. § 1107(a).

9.      The Bankruptcy Code does not define the term "executory contract." The widely accepted definition of the term is  "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Johnson v. Smith* (*In re Johnson*), 501 F.3d 1163, 1174 (10th Cir. 2007) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973)) (internal quotation marks omitted).

10.      In determining whether an executory contract or unexpired lease should be rejected, courts are deferential to the Debtor's business judgment. *See In re Tilco, Inc.*, 558 F.2d 1369, 1372 (10th Cir. 1977).

11.      When a debtor rejects an executory contract under section 365(a), the non-debtor party obtains a prepetition unsecured claim for damages caused by the rejection. 11 U.S.C. § 365(g); 11 U.S.C. § 502(g)(1).

12.      To date, each party is still obligated under the Contract: Petrie must provide financial advice and other services to the Debtor, and the Debtor must compensate Petrie and reimburse it for such services. The contract, therefore, is executory and subject to rejection by the Debtor.

13.      The Debtor, exercising its business judgment, has determined that it is in the best interests of the Debtor and its reorganization efforts to reject the Contract with Petrie.

**WHEREFORE**, the Debtor prays this Court to enter an order granting this Motion for Entry of Order Rejecting Executory Contract With Petrie Partners, LLC Pursuant to Section 365(a) of the Bankruptcy Code and for such other relief as the Court deems proper.

Dated:  November 13, 2015.         Respectfully submitted,

**ONSAGER | GUYERSON | FLETCHER | JOHNSON, LLC**

*s/ Michael J. Guyerson*
Michael J. Guyerson, # 11279
Christian C. Onsager, #6889
1801 Broadway, Suite 900
Denver, Colorado 80202
Ph: (303) 512-1123
Fax: (303) 512-1129
mguyerson@OGFJ-law.com
consager@OGFJ-law.com