William L. Wallander, SBT # 20780750
Karl M. Sigwarth, SBT # 24093150
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: 214-220-7700   Fax: 214-220-7716
bwallander@velaw.com; ksigwarth@velaw.com
**COUNSEL FOR WARREN RESOURCES, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ESCALERA RESOURCES CO.,** | ) | **Case No. 15-22395-TBM** |
| **EIN: 83-0214692** | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |

### BRIEF IN SUPPORT OF DEBTOR'S MOTION TO PAY PREPETITION JOINT INTEREST AND UNIT AGREEMENT BILLINGS AS CRITICAL VENDORS

**TO THE HONORABLE THOMAS B. MCNAMARA, NOW COMES** Warren Resources, Inc., and Warren E&P, Inc. (collectively, "Warren")[1], and file this *Brief* in support of the above-captioned Debtor's Request for Order Authorizing Payment of Prepetition Claims of Certain Critical Vendors (the "Motion"). Warren respectfully states:

### I.      Statement of Jurisdiction

1. The Motion was filed pursuant to 11 U.S.C. §§ 105, 363, 366, and 1107, Fed. R. Bankr. P. 6003, and L.B.R 2081-1.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] References to "Warren" herein will be several as to Warren Resources, Inc. or Warren E&P, Inc., or joint, as the context requires.

**BRIEF IN SUPPORT OF DEBTOR'S MOTION TO PAY PREPETITION JOINT INTEREST AND UNIT AGREEMENT BILLINGS AS CRITICAL VENDORS                                           Page 1 of 8**

## II.     Statement of Facts

3.     Escalera Resources Co. (the "Debtor") filed this chapter 11 bankruptcy case on November 5, 2015.

4.     Warren and the Debtor are parties to the Spyglass Hill Unit Operating Agreement dated as of February 26, 2011 (the "SHUOA").[2]  The SHUOA was filed with the Bureau of Land Management on May 11, 2011.  A Recording Supplement to the SHUOA was recorded in Carbon County, Wyoming on August 9, 2012.  Warren Resources, Inc. subsequently assigned a 1% interest in the Spyglass Hill Unit to Warren E&P, Inc., and Warren E&P, Inc. was approved as successor-operator of the Spyglass Hill Unit on May 1, 2013.

5.     Pursuant to the SHUOA, Warren asserts claims against the Debtor's estate for joint interest billings, in addition to claims and costs arising from the adjustment of interests between the parties after required revisions to the participating areas under Article 13 the SHUOA.

6.     The Debtor owes Warren joint interest billings in the amount of $340,815 for September and October of 2015, and an amount of $161,663 for November of 2015.  Also, after adjustments to the Participating areas covered by the SHUOA, and pursuant to Article 13 of the SHUOA, the Debtor owes Warren unpaid adjustment fees totaling $1,678,928.28.  Notices of the outstanding fees were sent from Warren to Debtor in 2014 and 2015.

7.     Per its terms, the SHUOA grants liens on property of the Debtor, and covenants running with the land and the committed working interests of the Debtor.

---

[2] Warren Resources, Inc. was assigned the interests of Anadarko E&P Company, L.P. within the Spyglass Hill Unit effective August 1, 2012.

**BRIEF IN SUPPORT OF DEBTOR'S MOTION TO PAY PREPETITION JOINT INTEREST AND UNIT AGREEMENT BILLINGS AS CRITICAL VENDORS**                                                                                           **Page 2 of 8**

### III. Summary of Basis for Relief Requested

8. Warren submits that its claims against the Debtor's estate, pursuant to its rights the SHUOA and applicable law and equity, are outside the reasoning of the *Kmart*[3] ruling which restricts critical vendor payments to unsecured creditors. Warren is not an unsecured creditor given, without limitation, its recoupment rights, contractual liens granted under the SHUOA, Wyoming statutory oil and gas liens, and covenants running with the land.[4]

### IV. Basis for Relief Requested

**A. Warren holds rights of recoupment against the Debtor; the right of recoupment is not an unsecured claim, which places Warren's claims outside of *Kmart*'s reasoning.**

9. Under the SHUOA, Warren, as operator, extracts and gathers gas on behalf of the Debtor, which Warren is obligated to turn over to the Debtor for sale onward. Simultaneously, pursuant to the SHUOA the Debtor owes Warren in excess of $2 million for unpaid Joint interest billings and adjustment costs. These obligations arise from the same integrated contract, the SHUOA, and Warren has the ability to recoup such costs by redirecting the Debtor's share of gas for sale until the Debtor's obligation to Warren is satisfied. The consequence of this will be harmful to both the Debtor and Warren because it will require additional transactions in the gas, and also require both parties to redirect human resources to manage this new process.

10. The doctrine of recoupment, by which parties to a single, integrated contract may settle obligations owed by their contractual counterparty by withholding contractual payments to the counterparty until the obligation is satisfied, is an equitable right recognized by both Wyoming state courts, *see, e.g., Lukens v. Goit*, 430 P.2d 607, 610-11 (Wyo. 1969), and the

---

[3] *In re Kmart Corp.*, 359 F.3d 866 (7th Cir. 2004).
[4] The rights and interests set forth in the brief are without limitation to any other rights and interests that Warren may have in this case, and Warren expressly reserves all of it rights and remedies in this case in connection with same.

**BRIEF IN SUPPORT OF DEBTOR'S MOTION TO PAY PREPETITION JOINT INTEREST AND UNIT AGREEMENT BILLINGS AS CRITICAL VENDORS**     **Page 3 of 8**

Tenth Circuit, *see, e.g., In re Beaumont* 586 F.3d 776, 781 (10th Cir. 2009); *In re B&L Oil Co.,* 782 F.2d 155 (10th Cir. 1986); *In re Adamic*, 291 B.R. 175, 182 (Bankr. D. Colo. 2003). In the Tenth Circuit, recoupment rights are equitable, exist independent of the Bankruptcy Code, and are not subject to the automatic stay.

11. Therefore, Warren and the Debtor have mutual obligations under a single, integrated contract – the SHUOA – and Warren thus has rights of recoupment to satisfy the Debtor's obligation to Warren. Based on recoupment alone, Warren's interest in the Debtor's property again fall outside of the *Kmart* doctrine's ambit, and Warren has other interests in property of the estate which further support not applying *Kmart* to Warren.

> **B. Warren is a secured creditor of the Debtor via contractual liens under the SHUOA and Wyoming statutory liens.**

12. The *Kmart* holding restricts a bankruptcy court's power to "authorize full payment of <u>any unsecured debt</u> until all unsecured members of the class are paid in full," 359 F.3d 871 (emphasis added). Therefore, *Kmart* is applicable to unsecured creditors of a debtor's estate. In contrast, Warren's claims pursuant to the SHUOA are secured via contractual liens and statutory liens granted under Wyoming state law.

13. Under Article 28.3 of the SHUOA, "(e)ach Party grants to the other Parties hereto a lien on and security interest in any interest it now owns or hereafter acquires in the oil and gas rights in any tract within the Unit Area, and any interest it now owns or hereafter acquires in the personal property and fixtures thereon, or used or obtained for use in connection therewith, to secure performance of all of its obligations and duties under this Agreement, including without limitation, payment of Costs, interest and fees, the proper disbursement of all monies paid hereunder, the assignment or relinquishment of interests as required hereunder, and the proper performance of operations hereunder." SHUOA at 28.3. Each Party to the SHUOA also

represents and warrants that the above-granted lien and security interest shall be a "first and prior lien and security interest." *Id.* at 28.3.B.

14. Per the SHUOA, the parties also consented to the public filing of the Recording Supplement memorializing the parties' obligations to one another. SHUOA at 28.3.A. The Recording Supplement names the Spyglass Hill Unit Area, incorporates the SHUOA by reference, and contains the parties' agreement that "the oil and gas leases and/or gas interests of the parties within the Unit Area shall be subject to and burdened with the terms and provisions of (the Recording Supplement) and the SHUOA." Recording Supplement at 1. Thus, not later than August 9, 2012, when the Recording Supplement was filed and third parties were put on inquiry notice, Warren perfected its liens and security interests under the SHUOA, as well as its other interests in property of the Debtor.[5]

15. The terms of the SHUOA are also covenants running with the land and the committed working interests. *Id*. Wyoming law recognizes the concept of "covenants running with the land," which are recognized in bankruptcy as real property interests existing outside of a debtor's bankruptcy estate. *See Mathisen v. Thunder Basin Coal Co., LLC*, 169 P.3d 61, 65-66 (Wyo. 2007) ("A party seeking to establish that a covenant runs with the land must demonstrate:

---

[5] Wyoming law utilizes "inquiry notice" for perfection purposes, defined as "knowledge of facts so informing that a reasonably cautious person would be prompted to inquire further," with regard to prior liens against a property. *See, e.g., Bummer v. Collier*, 864 P.2d 453, 457-58 (Wyo. 1993) (subsequent purchaser found to have received "inquiry notice" regarding prior lien when pages of legal description for prior lien were recorded out of order); *Wyoming Bank and Trust v. Haught*, 76 P.3d 301, 305-07 (Wyo. 2003) (defining inquiry notice's components as "(1) extraneous or secondary facts that suggest a genuine potential for a title defect; and (2) a reasonable inquiry based on the existence of those facts would disclose a claim by another person to the title of the property."); *Bentley v. Director of Office of State Lands and Investments,* 160 P.3d 1109, 1120 (Wyo. 2007) (to qualify as "bona fide purchaser", subsequent purchaser required to have neither actual, constructive nor inquiry notice of alleged or real infirmities in title); *Grose v. Savageau*, 942 P.2d 398, 403 (Wyo. 1997) (once placed on inquiry notice, a party may satisfy their duty of inquiry by a diligent search of the property records). Wyoming courts permit the use of parol evidence to supplement a property's legal description. *See Soppe v. Breed*, 504 P.2d 1077, 1078-79 (Wyo. 1973). When interpreting ambiguities in a mineral conveyance, Wyoming courts have considered the use of outside documents to resolve ambiguities within the contract. *See Wadi Petroleum, Inc. v. Ultra Resources, Inc.*, 65 P.3d 703, 708 (Wyo. 2003) (parol evidence may be used to supplement a property's legal description).

1) the original covenant is enforceable; 2) the parties to the original covenant intended that the covenant run with the land; 3) the covenant touches and concerns the land; and 4) there is privity of estate between the parties to the dispute.")  Wyoming recognizes oil and gas leases as real property interests. *See Kennedy Oil v. Lance Oil & Gas*, 2006 WY 9, 10-12 (Wyo. 2006).

16.     Additionally, as an operator of an oil and gas lease under a Unit Operating Agreement, Warren also holds a statutory lien against the Debtor under Wyoming law.  Under Wyo. Stat. Ann. § 29-3-103, any person who works upon or furnishes material incorporated into real property holds a statutory lien to secure payment for activities including "constructing, altering, digging, drilling, boring, operating, completing, or repairing any wells, mines, or quarries," also including attorney's fees and other costs of collection.  Wyo. Stat. Ann. § 29-3-103(a)(i, vi).  The lien shall cover all production of oil, gas, and minerals attributable to the interest subject to the lien, any proceeds of production attaching to the working interest, any pipelines, to include rights-of-way, and the whole of the land or leasehold where the work was performed. Wyo. Stat. Ann. § 29-3-105(a)(i, ii, viii, ix).  All work performed by a lien claimant will be considered as having been done under the same contract, unless there is a 180-day or greater gap between performances. Wyo. Stat. Ann. § 29-1-403.

17.     In this case, Warren has worked upon the Spyglass Hill Unit as specified by Wyo. Stat. Ann. § 29-3-103. Therefore, pursuant to Wyo. Stat. Ann. § 29-3-105 Warren holds a statutory lien against all production of gas, any proceeds therefrom, and the whole of the land/leasehold held by Debtor in order to secure Debtor's payment.  As such, this statutory lien also renders Warren a secured creditor whose claims fall outside of *Kmart*'s ambit.

**C.     The burdens on the parties, and potential additional burdens on the Debtor's bankruptcy estate support Bankruptcy Court approval of paying Warren.**

18.     As noted above, not paying Warren at this time will result in Warren pursuing, without limitation, its recoupment rights. This will burden both the estate and Warren with additional transactional cost, dedication of human resources, and additional accounting requirements. Under the SHUOA, Warren will be entitled to recoup the additional costs resulting from the changes its operational relationship with the Debtor.

19.     Also, Warren would assert that, upon any default by any payment of its share of costs, interests, or fees, the other parties shall have the right to collect from the purchaser the proceeds from the sale of the defaulting party's share of production, plus interest accumulating at the prime rate published by the *Wall Street Journal* plus three percent, until the amount owed by the defaulting party has been received. *Id.* at 28.3.D.1-2; Exhibit 1 to SHUOA at 3.B. WSJ Prime is currently 3.25%, thus, this would suggest a 6.25% interest rate, which could result in a monthly interest charge in excess of $10,000 based on the currently unpaid claims of Warren which exceed $2 million.

20.     Finally, Warren would also assert that, in the event it brings legal proceedings to enforce financial obligations of another party, as a prevailing party, it will be entitled to recover all court costs, costs of collection, and reasonable attorney's fees, all of which are secured by the aforementioned lien and security interest. SHUOA at 28.4.E.

21.     Thus, the burdens on and benefits to the Debtor directly, and indirectly via Warren's recoupments and as further provided in the SHUOA, support the payment of Warren as requested by the Debtor, and consented to by the banks per the proposed budget and cash collateral order in this case.

## V.  Conclusion

22. Thus, Warren submits that its claims against the Debtor's estate fall outside of the reasoning of the *Kmart* holding.  Furthermore, the benefits to the Debtor's estate from paying a Warren are outweighed by the burdens that will be placed upon the Debtor's estate were Warren to go unpaid.

## VI.  Prayer

WHEREFORE, Warren prays for judgment granting the Motion and such other and further relief as the Court deems just and proper.

Dated: November 13, 2015

Respectfully submitted,

 /s/  William L. Wallander
William L. Wallander, SBT # 20780750
Karl M. Sigwarth, SBT # 24093150
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  214-220-7700   Fax:  214-220-7716
bwallander@velaw.com; ksigwarth@velaw.com

**COUNSEL FOR WARREN RESOURCES, INC.**

### CERTIFICATE OF SERVICE

I certify that on November 13, 2015, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Colorado, which gives notice to all counsel of record.

 /s/ *William L. Wallander*
William L. Wallander

US 3884465v.6